# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA DAWN PETERSON,  )<br>  )<br>    **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>ANDREW M. SAUL,  )<br>**COMMISSIONER OF SOCIAL**  )<br>**SECURITY,**  )<br>  )<br>    **Defendant.**  ) | Case No. CIV-18-1077-G |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 26) issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff brought this action seeking judicial review of the determination by the Commissioner of Social Security that she was not "disabled" under the Social Security Act. *See* 42 U.S.C §§ 405(g), 423(d)(1).

Judge Mitchell recommends that the Court reverse the Commissioner's decision and remand the case for further administrative development. *See* R. & R. at 1. The parties were expressly informed of their right to object to the Report and Recommendation, and Defendant filed a timely objection. *See id.* at 13; Def.'s Obj. (Doc. No. 27). Plaintiff did not respond to Defendant's objection.

The timely objection gives rise to the Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Defendant makes specific objection. Having conducted this de novo review, the Court finds as follows:

Defendant contends that Judge Mitchell erred in concluding that the administrative law judge ("ALJ") did not properly assess the opinion of Plaintiff's treating physician, Megan Meyer Hanner, DO. In the Report and Recommendation, Judge Mitchell concluded that the ALJ failed to properly evaluate the opinion of Dr. Meyer Hanner, where despite giving the physician's opinion "great weight," the ALJ failed to account for multiple physical restrictions assessed by Dr. Meyer Hanner. *See* R. & R. at 6-7; ALJ Decision (Doc. No. 15-2) at 31. Judge Mitchell concluded that the ALJ's unexplained rejection of these physical restrictions in formulating the residual functional capacity ("RFC") determination failed to comply with Tenth Circuit and regulatory authority. *See* R. & R. at 7 (citing *Drapeau v. Massanari*, 255 F.3d 1211 (10th Cir. 2001); SSR 96-8p, 1996 WL 374184 (July 2, 1996)).

Defendant's Objection does not dispute the ALJ's failure to discuss the relevant limitations, instead citing other items of evidence in the record that allegedly support the ALJ's RFC determination. *See* Def.'s Obj. at 2. Such evidence fails to obviate the ALJ's failure to properly consider the treating-physician evidence or show that the resulting RFC is properly supported, however. *See Drapeau*, 255 F.3d at 1213 (explaining that an ALJ may not reject a treating-physician's opinion without supplying "specific, legitimate reasons"); SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source the adjudicator must explain why the opinion was not adopted."). The Objection also points to various reasons that the ALJ could have discounted Dr. Meyer Hanner's opinion, *see* Def.'s Obj. at 3. But the ALJ did not set forth such reasons in the written decision, and the Court "may not create or adopt post-hoc

rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).

Accordingly, the Court:

(1) ADOPTS the Report and Recommendation (Doc. No. 26) issued on August 9, 2019;

(2) REVERSES the decision of Defendant;

(3) REMANDS for further administrative proceedings consistent with the Report and Recommendation; and

(4) ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 24th day of October, 2019.

CHARLES B. GOODWIN
United States District Judge