# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA DAWN PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1077-G |
| | ) |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 24, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 29); *see also Peterson v. Saul*, No. CIV-18-1077-G, 2019 WL 5457818 (W.D. Okla. Oct. 24, 2019). Plaintiff Andrea Dawn Peterson now moves for an award of attorney's fees in the amount of $7695.10 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq. *See* Pl.'s Mot. (Doc. No. 30); Pl.'s Br. (Doc. No. 31). Defendant has responded to the Motion (Doc. No. 32), and the matter is now at issue.

I.   *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.     *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

III.     *Whether the Government's Position Was Substantially Justified*

In the administrative proceedings below, the administrative law judge ("ALJ") failed to properly consider the opinion of Plaintiff's treating physician, where "despite giving the physician's opinion 'great weight,'" the ALJ "failed to account for multiple physical restrictions assessed by" the treating physician. *Peterson*, 2019 WL 5457818, at *1. The Magistrate Judge found, and the undersigned agreed, that "the ALJ's unexplained rejection of these physical restrictions in formulating the residual functional capacity ('RFC') determination failed to comply with Tenth Circuit and regulatory authority." *Id.* (citing *Drapeau v. Massanari*, 255 F.3d 1211 (10th Cir. 2001); SSR 96-8p, 1996 WL 374184 (July 2, 1996)).

Defendant objects to any award of fees, notwithstanding the cited ALJ errors, raising several arguments. First, Defendant invokes the notion that "this case is exceptional because the Commissioner's litigation position 'cured unreasonable agency action.'" *Groberg v. Astrue*, 505 F. App'x 763, 768 (10th Cir. 2012) (alteration omitted) (quoting *Hackett*, 475 F.3d at 1174); *see Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232 (W.D. Okla. 2017); *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) (noting that the court can consider the reasonableness of the position the government takes both in the administrative proceedings and in the civil action the claimant commenced to obtain benefits). Defendant correctly notes that the Commissioner's position may be found to be substantially justified—and thus the Commissioner may avoid paying EAJA fees under this exception—"when the Commissioner "reasonably, even if unsuccessfully, argues in litigation that the ALJ's errors were harmless." Def.'s Resp. at 10 (quoting *Evans v. Colvin*,

3

640 F. App'x 731, 733 (10th Cir. 2016)).  Here, however, Defendant did not take the litigation position that the ALJ's errors should be excused as harmless; rather, Defendant contended that "the ALJ reasonably considered [the treating physician's] opinion, along with the remaining medical and nonmedical evidence, in assessing Plaintiff's RFC."  Def.'s Obj. to R. & R. (Doc. No. 27) at 3; *accord* Def.'s Br. (Doc. No. 21) at 9-10 (arguing that the ALJ "gave good reasons" for not adopting the treating physician's more restrictive limitations and "reasonably concluded that the record did not support further physical limitations").

Defendant additionally argues that the substantial justification for the government's position is demonstrated by: (i) the ALJ's citation to medical evidence that supported the RFC determination; (ii) the ALJ's "reasonabl[e] articulation" of "reasons" for not adopting the treating physician's more restrictive limitations; and (iii) "other various reasons that the ALJ could have discounted [the treating physician's] opinion."  Def.'s Resp. at 4-9.  These arguments echo those previously made and, even bearing in mind the differing standards on a claimant's fee request and a merits review, do not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits.  *Hadden*, 851 F.2d at 1267; *see Peterson*, 2019 WL 5457818, at *1; *see also Gutierrez*, 953 F.2d at 584-86 (finding that district court abused its discretion in denying fees to plaintiff where ALJ's findings were unreasonable based on the record before the ALJ); *cf. Pierce*, 487 U.S. at 566 ("To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness[.]").

4

IV.     *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $7695.10, calculated as follows:

- 4.55 attorney hours for work performed in 2018, at a rate of $202.00 per hour; and 30.25 attorney hours for work performed in 2019, at a rate of $204.00 per hour.

- 5.5 paralegal hours at a rate of $110.00 per hour.

*See* Pl.'s Mot. Ex. 1 (Doc. No. 30-1) at 1-4. Plaintiff's attorney has provided a detailed statement of the time expended, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*[1]

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $202.00 is a reasonably hourly rate for work performed in 2018, and $204.00 is a reasonable hourly rate for work performed in 2019, on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Br. Ex. 1 (Doc. No. 31-1)

---

[1] The inclusion in the fee award of time spent seeking this fee award (to which Defendant has offered no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See Vincent*, 247 F. Supp. 3d at 1229-30.

5

(Mem. from Denver OGC Office Regarding Soc. Sec. Litig. in Okla. & N.M. (Aug. 14, 2019)). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided. *See id.*; *see also* Pl.'s Br. at 7-9.

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 30) and awards attorney's fees under the EAJA in the amount of $7695.10, with said amount to be paid directly to Plaintiff and sent in care of Miles Mitzner, 809 East 33rd Street, Edmond, Oklahoma 73013. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 22nd day of December, 2020.

_____
CHARLES B. GOODWIN
United States District Judge